# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1881-17T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

     Plaintiff-Respondent,

v.

K.F.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF KA.F.,

     a Minor.

_____

        Submitted September 13, 2018 – Decided October 16, 2018

        Before Judges Simonelli and Whipple.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FG-17-0019-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Stephania Saienni-Albert, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Cassandra E. Rhodes, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; James J. Gross, Designated Counsel, on the brief).

PER CURIAM

Defendant K.F. (Kerri) appeals from a November 28, 2017 judgment of guardianship terminating her parental rights to her son, KA.F., (Ken).[1] We affirm substantially for the reasons set forth in Judge Samuel J. Ragonese's comprehensive and well-reasoned decision issued with the order.

The evidence is set forth in detail in the judge's decision. A summary will suffice here. Kerri has a long history with the Division of Child Protection and Permanency (Division). She was in Division custody at three months of age and adopted at the age of five. As an adult, she lost custody of her three other children due to her history of mental health issues and substance abuse. Kerri

---

[1] We use pseudonyms because the parties have similar initials and to allow for ease of reference.

suffered from stress, anxiety and depression associated with traumatic life experiences. She had untreated substance abuse problems, unstable housing and a criminal history. Six-month-old Ken was removed from her custody on August 20, 2016, when Kerri was taken to the hospital for an evaluation after making strange phone calls to the police, exhibiting diminished motor skills and appearing to have smoked PCP. The Division learned the identity of the man believed to be Ken's biological father and was awaiting the results of a paternity tests at the time of trial. The man believed to be Ken's father is incarcerated and is not a party to this appeal. Ken now resides in a home committed to his adoption.

Commencing on October 30, 2017, Judge Ragonese conducted the guardianship proceeding. The Division presented the testimony of two witnesses, the Division caseworker and Stacey M. Boyer, Psy. D., and entered the Division record into evidence. Dr. Boyer opined that given her review of the record and based upon the bonding evaluations she conducted,[2] Kerri was unable to provide the stability Ken needed and Ken's caregivers did provide a stable environment. She also testified Ken's behaviors demonstrated a

_____

[2] Dr. Boyer scheduled a bonding evaluation with Kerri, but Kerri did not attend the scheduled session. Hence, Dr. Boyer only conducted bonding evaluations of the foster parents.

A-1881-17T2

strengthening positive attachment to his caregivers and termination of Kerri's parental rights would not do more harm than good. On November 28, 2017, after reviewing and carefully considering the evidence and testimony, Judge Ragonese placed his findings on the record and entered the order granting the judgment of guardianship, terminating Kerri's parental rights to Ken. This appeal followed.

Judge Ragonese's November 28, 2017 oral opinion gave thoughtful attention to the importance of permanency and stability from the perspective of the child's needs, and found the Division had established by clear and convincing evidence the statutory grounds for termination of Kerri's parental rights. Furthermore, the judge found the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), which, in the best interest of the child, permits termination of parental rights. In re Guardianship of K.H.O., 161 N.J. 337, 347-48 (1999). In this appeal, our review of the judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412-13 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). We conclude the factual findings by Judge

Ragonese are fully supported by the record and the legal conclusions drawn therefrom are unassailable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1881-17T2